IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY LEE MATHIS | § | |
| VS. | § | CIVIL ACTION NO. 5:20-cv-85 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jimmy Lee Mathis, a prisoner confined at the Ramsey Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 202nd District Court of Bowie County, Texas, in cause number 17F0563-202. Petitioner was charged with the first degree felony offense of aggravated assault of a child. The indictment charged that Petitioner "on or about February 1, 2014, and continuing through on or about June 30, 2015, did then and there, intentionally or knowingly cause the penetration of the sexual organ of Sunday Nicholas (pseudonym), a child who was then and there younger than 14 years of age and not the spouse of the defendant, by the defendant's finger." (Doc. #18-21 at 11.) A jury found Petitioner guilty of the offense. On August 29, 2018, Petitioner was sentenced to life imprisonment and fined $10,000, in accordance with the jury's verdict. (Doc. #18-21 at 12-13.)

Petitioner appealed the judgment. On direct appeal, Petitioner argued that the trial court committed reversible error in allowing the forensic interviewer to testify that the victim showed the same demeanor as other children who had been molested because the witness had not been qualified as an expert in that area. The Sixth Court of Appeals overruled Petitioner's point of error and affirmed the judgment of the trial court. *Mathis v. State*, No. 06-18-00189-CR, 2019 WL 2127328 (Tex. App.–Texarkana 2019, pet. ref'd). Petitioner filed a petition for discretionary review, which the Texas Court of Criminal Appeals refused on August 21, 2019.

Next, Petitioner filed a state application for habeas relief. On December 18, 2019, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without hearing and on the court's independent review of the record. (Doc. #18-19 at 1.)

## The Petition

Petitioner contends that the probable cause affidavit for the arrest warrant and complaint was insufficient to allege an offense and that his trial counsel provided ineffective assistance by failing to: investigate the affidavit (ground 1), request the State to elect a particular incident of sexual assault or offense date upon which it was relying to support a conviction (ground 2), make a pre-trial objection to the "information" because it was defective under Texas law (ground 3), and challenge the sufficiency of the indictment because it provided inadequate notice of the charged offense (ground 6). (Doc. #1 at 6-7, 11-18.) Petitioner contends his appellate attorney provided ineffective assistance by failing to present a meritorious ground for appeal (ground 5). (Doc. #1 at 16-17.) Finally, Petitioner contends that he is actually innocent of the offense (ground 4). (Doc. #1 at 7, 15.)

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;[1] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). If the decision of the highest state court is not accompanied by an explanation of the court's reasoning, federal courts must look to the last state court decision that does provide an explanation for the decision. *Wilson v. Sellers*, _ U.S. _, 138 S. Ct. 1188, 1192 (2018). There is a rebuttable presumption that the unexplained ruling adopted the same reasoning. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must

---

[1] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

I. *Ineffective Assistance of Counsel*

Petitioner alleges that he was denied the effective assistance of counsel. In order to establish an ineffective assistance of counsel claim, Petitioner must prove counsel's performance was deficient and the deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, Petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of Petitioner's case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, Petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must show a substantial likelihood that the result would have been different if counsel performed competently. *Richter*, 562 U.S. at 112. To determine whether Petitioner was prejudiced, the court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if Petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102.

*A. Failing to Investigate and Challenge the Probable Cause Affidavit*

Petitioner claims that his trial counsel provided ineffective assistance by failing to investigate and challenge the probable cause affidavit for the arrest warrant and complaint. Petitioner contends that the probable cause affidavit was insufficient because the affiant did not swear under oath that Petitioner committed the offense. Petitioner also contends that the affidavit was insufficient because it did not allege the precise date of the offense.

Petitioner raised these claims in his state application for habeas relief. The trial court found that the probable cause affidavit and complaint (doc. #18-9 at 11) was sufficient under state law because it contained the name of the accused, it alleged that the affiant had good reason to believe the accused committed the offense of sexual assault of a child younger than 14 years, it alleged the time and place of the offense, as definitely as possible, and it was signed by the affiant. (Doc. #18-21 at 102.) The trial court found that the time frame of the offense alleged in the affidavit was sufficient under Texas Code of Criminal Procedure article 15.05 to satisfy the requirement that the date of the offense is stated "as definitely as can be done." (Doc. #18-21 at 102.) The trial court noted that the affidavit specifically identified the location of the offense, and then summarized the description of the offense conduct alleged in the affidavit.[2] Having concluded that the probable cause affidavit and complaint was sufficient under state law, the trial court also found that counsel

---

[2] Petitioner also claims that the affidavit was insufficient because it merely recited the elements of the offense without providing specific facts. This claim lacks merit. The first paragraph of the affidavit largely tracks the language of the statute, but the last two paragraphs provide a detailed description of the alleged offense. (Doc. #18-21 at 11-12.) Although the description of the offense is based on the information provided to the affiant by others, it is permissible to establish probable cause with hearsay information. *Moreno v. Dretke*, 450 F.3d 158, 170 (5th Cir. 2006).

6

did not perform deficiently by failing to investigate or challenge the sufficiency of the affidavit. The trial court made the following findings:

> 1. Trial counsel reviewed the affidavit during the discovery process and found that it was sufficient to establish probable cause for the alleged offense, as it met all of the elements of the offense after reading all the words contained therein.
>
> 2. He neither failed to adequately investigate the case before trying it to a jury, nor failed to object to a defective probable cause affidavit for an arrest warrant, because the affidavit is not defective under Texas law.
>
> The Court finds that the Probable Cause Affidavit and Complaint was not defective, and trial counsel was not ineffective for failing to object to the Probable Cause Affidavit and Complaint.

(Doc. #18-21 at 103.)

Petitioner's ineffective assistance of counsel claims are cognizable in a federal habeas petition, but they are based on the sufficiency of the probable cause affidavit and complaint, which is a matter of state law. Federal courts will not review a state court's interpretation of its own state law in a federal habeas proceeding. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Nor do federal courts "sit as a super state supreme court in such a proceeding to review errors under state law." *Id.* (internal quotes omitted); *see also Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law."). Because the state courts found that the probable cause affidavit and complaint were not defective, Petitioner's claims concerning counsel's failure to investigate and challenge the probable cause affidavit and complaint also fail. Counsel does not perform deficiently by failing to raise meritless arguments. *Guidry v. Lumpkin*, 2 F.4th 472, 491 (5th Cir. 2021)

("[C]ounsel cannot be ineffective for failing to raise a meritless claim."). As a result, the state court's rejection of these claims is a reasonable application of *Strickland*.

      *B. Failing to Request the State of Elect a Specific Incident or Offense Date*

At trial, the victim testified in detail about the first incident, and then she testified that the same conduct occurred more than thirty times from 2014, through 2015. (Doc. #18-12 at 47-50.) Because there was evidence of more than one sexual assault, Petitioner contends that his attorney provided ineffective assistance by failing to require the State to elect the specific act of sexual assault that the State was relying upon to support a conviction.[3]

In Texas, the State must elect the act upon which it relies for conviction where the indictment alleges one sexual assault, but evidence of more than one act is introduced at trial. *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). If there is a timely request by the defense, the court must order the State to make an election once the State rests its case-in-chief. *Id*. at 772. The failure to require the State to make an election is a constitutional error that requires reversal unless the court finds beyond a reasonable doubt that the error did not contribute to the conviction. *Owings v. State*, 541 S.W.3d 144, 150 (Tex. Crim. App. 2017).

The record reflects that defense counsel did not request the State to make an election. Had defense counsel made such a request, it would have been error under Texas law if the trial court failed to require the State to make an election. During the state habeas proceedings, trial counsel stated that "it is my professional opinion that a request for the state to elect a specific act on a specific date was not required or necessary." (Doc. #18-21 at 95.) By denying the application, the

---

[3] Petitioner initially labels this claim as a failure to file a pre-trial motion, but it is clear from his pleadings that he is challenging defense counsel's failure to request the State to make an election at any point in the proceedings.

8

Texas Court of Criminal Appeals found that counsel did not provide ineffective assistance, but it is unclear whether the ruling was based on the reasonableness of counsel's performance or the lack of prejudice to Petitioner.

Regardless of whether defense counsel's strategic decision was reasonable, Petitioner is not entitled to federal habeas relief unless he was prejudiced by the alleged error. The Texas Court of Criminal Appeals has held that the trial court's failure to require an election is harmless error if the four purposes of the election requirement are met. *Owings*, 541 S.W.3d at 150-55. Those purposes are: (1) to protect the accused from the introduction extraneous offenses; (2) to minimize the risk that the jury might convict because all of the offenses together convinced the jury that the defendant was guilty without finding any one of them had been proven beyond a reasonable doubt; (3) to give the defendant notice of the offense the State intends to rely upon for prosecution; and (4) to afford the defendant an opportunity to defend himself against the offense. *Id.* With respect to the first concern, Petitioner had notice prior to trial of the extraneous offenses and conduct that the State intended to introduce at trial. (Doc. #18-9 at 25-29.) As to the risk of conviction based on the totality of the alleged conduct, the Texas Court of Criminal Appeals has previously held that the concern was alleviated where, as in this case, the incidents were all recounted by a single source, which was the child victim. *Id*. at 152. Finally, in *Owings*, the Texas Court of Criminal Appeals noted that the third and fourth concerns were met in a situation where the defendant denied committing any of the offenses, and the issue at trial was whether the jury believed the victim or the defendant. *Id*. at 153. In this case, as in *Owings*, Petitioner's defense was that none of the incidents happened, and he testified to that at trial. (Doc. #18-21 at 95.)

In light of the foregoing, the failure to require the State to make an election would have been harmless error if the issue had been raised on direct appeal. But that is not the standard to be applied on federal habeas review of an ineffective assistance of counsel claim. On federal habeas review, relief may only be granted if the state court's application of *Strickland* was unreasonable. Petitioner has not met this standard because it was reasonable for the state court to conclude either that counsel rendered ineffective assistance by failing to request the State to elect the specific act it intended to rely upon, or that Petitioner was not prejudiced by trial counsel's failure to request the State to so elect.

### C. Failing to Challenge Validity of Information

Petitioner claims that trial counsel should have challenged the information because it was not supported by a valid affidavit and complaint and it did not meet the requirements of an indictment under Texas law. This claim was rejected by the state court during the state habeas proceedings because "an indictment, rather than an information was filed in this case." (Doc. 18-21 at 105.) Counsel could not have performed deficiently by failing to challenge a non-existent information. Thus, the state court's resolution of this claim was not an unreasonable application of *Strickland*.

### D. Failing to Challenge the Sufficiency of the Indictment

Petitioner claims that the indictment was insufficient because it did not give him adequate notice of the charged offense, and defense counsel provided ineffective assistance by failing to challenge the sufficiency of the indictment. The sufficiency of a state indictment is not a matter for federal habeas review unless the indictment is so defective that the convicting court lacked jurisdiction. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). In addition, the federal court need

not address the issue if the state courts have held that the indictment is sufficient under state law. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).

During the state habeas proceedings, the trial court found that the indictment was not defective because it met the requirements of an indictment set forth in Texas Code of Criminal Procedure article 21.11, and it provided Petitioner notice of the charged offense. (Doc. #18-21 at 110.) Therefore, the trial court concluded that "trial counsel was not ineffective for failing to investigate or object to the indictment." *Id*. By denying the state application for habeas relief without written order, the Texas Court of Criminal Appeals "'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (quoting *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985)); *see also Evans v. Cain*, 577 F.3d 620, 625 (5th Cir. 2009) (an issue is squarely presented to the state's highest court if the petitioner raised the argument in a state application for habeas relief and the application was denied without written order by the highest state court.).

Because the state courts found that the indictment was sufficient to confer jurisdiction on the state trial court, the sufficiency of the indictment is not a matter for federal habeas review. In addition, the state court's conclusion that counsel did not perform deficiently by failing to challenge an indictment that was sufficient under state law is not an unreasonable application of *Strickland*.

### E. Ineffective Assistance of Counsel on Appeal

Petitioner contends that his appellate counsel provided ineffective assistance by failing to appeal a meritorious issue and, instead, raised an issue that was not preserved for appeal. Relying on the affidavit of Petitioner's appellate counsel, the trial court made extensive findings concerning this issue during the state habeas proceedings. The trial court found, in part, the following:

11

4. In preparing Applicant's appeal, [appellate counsel] reviewed the entire trial transcript, the Clerk's Record and trial counsel's file.

5. After a through review of these items, it was his opinion that there were no cognizable points of error in this case with the exception of the issue of the testimony by the forensic interviewer regarding "demeanor" of the child.

6. It was his opinion that even though the objection at trial was bolstering, the more egregious error was that the witness had not been qualified to respond to the questions being presented.

7. It was appellate counsel's opinion that basing the point of error on the objections of bolstering would not have prevailed.

8. He has raised the issue of bolstering the victim's testimony by etiher the CAC interviewer or SANE nurse in appeals for other clients.

9. The issue of inadmissible bolstering is subject to a harmless error analysis under Texas law.

10. Therefore, appellate counsel made the decision to proceed on the issue of the witness not being qualified, as he hoped the Court of Appeals would have found the alleged error outside the confines of Rule 33.1.

11. Although Rule of Appellate Procedure 33.1 requires that a litigant make a specific objection and obtain a ruling on the objection, the rule has exceptions, and it was the exception to the rule he was attempting to have the Court of Appeals accept in forming the argument as he did in the appeal.

12. He believes it was apparent from the reading of the trial record that Application's counsel did not have time to object to the State's witness' qualifications before the witness was allowed to testify, which is one of the exceptions.

13. It was his opinion that this was the only theory he could raise and was the only meritorious issue on appeal in Applicant's case.

14. Had he raised the [bolstering] issue on appeal, based on the objection made, he believes the Court of Appeals would have summarily overruled the issue.

(Doc. #18-21 at 107-108.) The trial court concluded that "it was not objectively unreasonable for appellate counsel to not raise the issue Applicant complains of, and had counsel raised the issue, the application would not have prevailed on appeal." (Doc. #18-21 at 109.)

Counsel is not required to raise every nonfrivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). To satisfy the prejudice prong of the *Strickland* test for claims concerning ineffective assistance of appellate counsel, Petitioner must establish that, but for counsel's unprofessional errors, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Petitioner has not shown that he would have prevailed on appeal if counsel had appealed the bolstering claim, rather than challenging the qualifications of the witness. Because Petitioner has not demonstrated that he was prejudiced by appellate counsel's performance, the state court's application of *Strickland* was reasonable.

*II. Actual Innocence*

The United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Merryman v. Davis*, 781 F. App'x 325, 328 (5th Cir. 2019) ("A freestanding claim of actual innocence is not cognizable on federal habeas review."). Although actual innocence does not provide an independent ground for review, it may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 569 U.S. at 392. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*.

In this case, Petitioner is not trying to excuse a procedural default of a constitutional claim by alleging he is actually innocent. Nor has Petitioner alleged there is newly-discovered evidence

13

that calls his conviction into question. Instead, he is attempting to raise a freestanding claim of actual innocence based on his assertion that the jury wrongly decided the case. Such claims are not cognizable under § 2254. Therefore, Petitioner's claim that he is actually innocent should be denied.

### Recommendation

This petition for writ of habeas corpus should be denied.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of the factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this the 14th day of February, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE